## CIRCUIT COURT OF LOUDOUN COUNTY

Susan R. Stanson and
Joseph A. Cerceo

v.

John Zuro

August 16, 1994

Case No. (Law) 15390

BY JUDGE JAMES H. CHAMBLIN

This appeal from the Loudoun County General District Court was tried without a jury on July 8 and 11, 1994. At the conclusion of final argument, I ruled that Mr. Zuro had not breached the lease or the implied warranty of habitability as to the septic system and heating problems of the demised premises. Also, I ruled that the plaintiffs had not been constructively evicted by the defendant.

On July 8, 1994, the plaintiffs' motion to strike as to Ms. Stanson on the defendant's counterclaim for damages to his property when they vacated the premises was granted. After consideration of the evidence, Mr. Zuro is entitled to judgment for $50.00 against Mr. Cerceo for damage to the walkway when the plaintiffs vacated the premises on March 3, 1994.

Because Mr. Zuro relet the premises effective April 1, 1994, he conceded at the conclusion of the trial that if he is entitled to recover rent from the plaintiffs, then it would only be for the months of February and March, 1994, or a total of $2,000.00.

The plaintiffs seek to recover the rent and security deposit paid under the lease because they contend that the Lease Agreement between the parties dated August 11, 1993 (the "Lease") is void and illegal *ab initio*. They assert that the premises were leased in violation of the Loudoun County Zoning Ordinance ("LCZO"). The defendant asserts that the

Lease is not illegal, and he questions the extent of the relief requested by the plaintiffs.

For reasons that follow, I am of the opinion that the Lease is void because the Lease itself is a violation of the LCZO, i.e., the demise of the leased premises is an act prohibited by the ordinances; however, the plaintiffs cannot recover back from the defendant payments made voluntarily to him. Further, because the Lease is void, the defendant cannot recover rent thereunder.

While Mr. Zuro may refer to the plaintiffs and others to whom he has rented the premises as "roommates," it is apparent from the Lease that he was renting to them what is described in the Lease as a "Guest House." The terms of the Lease (e.g., "private residence" in paragraph 12) make it clear that the plaintiffs were renting from Mr. Zuro separate living quarters. The physical layout of the demised premises shows that it was a separate living quarters for the plaintiffs. The lack of interior access between the demised premises and Mr. Zuro's residence is indicative of this arrangement. The actions of the parties during the Lease, especially the relatively few times that Mr. Zuro went into the demised premises, also shows that the parties intended that the demised premises were to be the plaintiffs' private residence, and their living quarters, and not that they were to be roommates of Mr. Zuro. The testimony of the tenant just prior to the plaintiffs supports this interpretation of the Lease.

The entire structure (meaning the converted barn) was during all times relevant here a single structure containing two separate and distinct living areas or dwellings. It had to have been a duplex, or the demised premises constituted a guest house or an accessory apartment or dwelling unit. Whatever it might have been, it was prohibited under the LCZO.

Duplexes are prohibited in A-3 zones. The demised premises is located in an A-3 zone. It cannot meet the definition of a permitted "guest house" under the LCZO because the plaintiffs were not temporary occupants, it was occupied more than three months within any twelve-month period, it was rented for gain and its floor area exceeded the minimum permitted under the LCZO Section 5-612. The demised premises is not a permitted "accessory apartment or dwelling unit" under LCZO Section 5-613 because its floor area greatly exceeded the 600 square foot minimum.

Section 6-502(A) of the LCZO provides that any building or structure erected, operated, or maintained contrary to the provisions of the LCZO is a violation of the LCZO and is declared to be unlawful. Under Section 6-502(B), any person who violates or permits a violation of the LCZO by

erecting or using any structure in violation of the Ordinance is subject to its enforcement provisions. Section 6-503 sets forth the criminal violation provisions, and the civil violation provisions are in Section 6-504.

The structure containing the demised premises violated the LCZO. The Lease of the demised premises violated the LCZO. The Ordinance seeks to prevent exactly what Mr. Zuro did in renting the premises. The Lease is void as being made in violation of the LCZO.

Having found the Lease to be void, under recognized general principles, Mr. Zuro is not allowed to recover any unpaid rent from the plaintiffs. However, it does not mean that the plaintiffs are entitled to recover back the rent they already paid to Mr. Zuro.

The general rule is that payments voluntarily made, although not owing, are not recoverable back. *See* 49 Am. Jur. 2d, *Landlord and Tenant*, Section 567. If a tenant paid the landlord with full knowledge of all the facts and continued to occupy the premises, then the tenant cannot recover back the monies paid. The rule makes good sense and is applicable here. The plaintiffs are charged with knowledge of the provisions of the LCZO just as much as Mr. Zuro is charged with such knowledge. Further, the LCZO is directed to all persons, not just owners of the land. By renting property in violation of the LCZO, the plaintiffs violated the LCZO. They cannot profit from their own wrongdoing. They are *in pari delicto* with Mr. Zuro. Finally, the plaintiffs received the benefit of what they sought under the Lease from Mr. Zuro, a place to live. The parties should be left exactly as they are, and the law should not step in and help wrongdoers.

Even though this case is decided for the reasons set forth above, I feel there is another reason why the plaintiffs cannot prevail. At the commencement of the trial, I ruled that because all parties were seeking relief under the Virginia Residential Landlord and Tenant Act (*see* the Plaintiffs' Bill of Particulars and the Defendants' Counterclaim), the parties were estopped from denying that the Act was applicable in this case. This was held even though it is obvious to all that only the Lease by its terms has anything to do with the Act and that, on a pure factual basis, the Act does not apply. The Act supersedes all other remedies available to the plaintiffs, and I further agree that the plaintiffs have not complied with the requirements of the Act so as to entitle them to any relief under it. The plaintiffs did not pay the rent into the Court as required by § 55-248.28(b). In fact, the plaintiffs received back the escrow paid into the General District Court and never paid it into this Court after they perfected their appeal.

Because the Lease is void and there can be no relief granted under the Act, no party is entitled to an award of attorney fees.

Judgment is awarded to the Defendants as to all claims of the plaintiffs, and the defendant is awarded a judgment on his Counterclaim against Mr. Cerceo only in the amount of $50.00. In all other respects, judgment is granted to the plaintiffs on the Counterclaim.